UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

FREEDOM WATCH, INC.,
7050 W. Palmetto Park Road
Suite 15-264
Boca Raton, FL 33433

            Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION,
Liberty Square Building
450 5th Street, N.W.
Suite 1000
Washington, D.C. 20530-0001

and

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION,
1100 L Street, N.W.
Room 8314
Washington, D.C. 20530-0001

and

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION,
Keeney Building
Room 803
Washington, D.C. 20530-0001

            Defendants.

**COMPLAINT**

Plaintiff, Freedom Watch, Inc. ("Freedom Watch") brings this action against Defendants the Antitrust Division of the U.S. Department of Justice, the Civil Division of the U.S. Department of Justice and the Criminal Division of the U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefore, Freedom Watch alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Freedom Watch is a 501(c)(3), non-profit, public interest foundation having its principal place of business at 7050 W. Palmetto Park Road, Suite 15-264, Boca Raton, Florida 33433. Freedom Watch seeks to promote openness within the federal government and its actions. Freedom Watch regularly requests records pursuant to FOIA to shed light on the operations of the federal government and to educate the public about those operations. Freedom Watch then analyzes the agency records and disseminates the results of its analysis to the public.

4. Defendants are agencies of the United States Government. Defendants have possession, custody and control of records to which Freedom Watch seeks access.

## STATEMENT OF FACTS

5. On May 12, 2023, Freedom Watch sent FOIA Requests to Defendant the U.S. Department of Justice's Antitrust Division, Civil Division and Criminal Division via certified mail return receipt requested, seeking the production of agency records related to: (1) "[t]he reported investigation of President Donald Trump's and/or any of his corporate entities' ties to

the Kingdom of Saudi Arabia, the Saudi Public Investment Fund and LIV Golf" and (2) "[t]he reported investigation of the alleged anticompetitive practices of the PGA Tour, and others with regard to LIV Golf," as described in Exhibit A.

6.  A true and correct copy of Freedom Watch's FOIA Request is attached hereto as **Exhibit A**.

7.  Defendants were required to determine whether to comply with Freedom Watch's FOIA Request within twenty (20) days, excepting Saturdays, Sundays and legal public holidays, pursuant to 5 U.S.C. § 552(a)(6)(A). Pursuant to the same provision, Defendants were also required to notify Freedom Watch immediately of this determination, the reasons therefore, and the right to appeal any adverse determination to the head of the agency. Excluding weekends, Defendants were required to make its determination and provide Freedom Watch with requisite notifications regarding the FOIA by June 12, 2023.

8.  As of the date of this Complaint, the Defendants have failed to make a bona fide, good faith determinations about whether they will comply Freedom Watch's FOIA Request. Nor have Defendants produced any records responsive to the Request, indicated when any responsive records will be produced, or demonstrated that specific responsive records are exempt from production. The attached FOIA Request and Freedom Watch's response to Defendants' failure to produce records, failure to say when any such records will be produced and failure to grant expedited treatment and fee waivers demonstrates that any administrative appeal would be futile and thus the complaint is being filed upon notification to the agency. *See Singh v. Ashcroft*, 362 F.3d 1164, 1169 (9th Cir. 2004) (A plaintiff need not "exhaust administrative remedies that would be "futile" to exhaust.); *see also Sokha Sun v. Ashcroft*, 370 F.3d 932, 943 (9th Cir. 2004) ("where the agency's position on the question at issue appears already set, and it is very likely

what the result of recourse to administrative remedies would be, such resource would be futile and is not required.").

## CAUSE OF ACTION

9. Freedom Watch realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendants are unlawfully withholding records requested by Freedom Watch's FOIA Request to 5 U.S.C. § 552 as set forth in Exhibit A, which is incorporated herein by reference.

11. Freedom Watch is being irreparably harmed by the reason of Defendants' unlawful withholding of records, and Freedom Watch will continue to be irreparably harmed unless Defendants are compelled to conform its conduct to the requirements of the law.

12. Freedom Watch requests a FOIA fee waiver pursuant to 5 U.S.C. § 552, as it is a non-profit, public interest organization that seeks to promote openness within the federal government and its actions. Freedom Watch regularly requests records under FOIA to shed light on the operations of the federal government and to educate the public about these operations. Freedom Watch then analyzes the agency records and disseminates the results of its analysis to the public at large.

13. Freedom Watch also requested expedited treatment of its FOIA requests and this was also stonewalled and denied by the Defendants.

WHEREFORE, Freedom Watch respectfully requests that the Court (1) order each Defendant to conduct an expedited search for any and all responsive records to Freedom Watch's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Freedom Watch's FOIA Request; (2) order each Defendant to produce, by a certain date, any and all non-exempt records responsive to Freedom

Watch's FOIA Request and a *Vaughn* Index of any responsive records withheld under claim of exception; (3) enjoin each Defendant from continuing to withhold any and all non-exempt records responsive to Freedom Watch's FOIA Request; (4) grant Freedom Watch a fee waiver for produced records and an award of attorneys' fees and other litigation cost reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); (5) order each Defendant to produce any and all responsive documents on an expedited basis; and (6) grant Freedom Watch such other relief as the Court deems just and proper.

Dated:  July 14, 2023                                       Respectfully submitted,

                                                            By: /s/ Larry Elliot Klayman

                                                            Larry Klayman, Esq.
                                                            Chairman and General Counsel
                                                            Freedom Watch, Inc.
                                                            7050 W. Palmetto Park Rd.
                                                            Suite 15-264
                                                            Boca Raton, FL 33433
                                                            Telephone:  (561) 558-5336 or (310)556-5336
                                                            Email: leklayman@gmail.com